JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA RIVAS, ROBERTO A. FLORES, aka "Felipe Flores," HERIBERTA FLORES, et al.,<br><br>Defendants. | Case No. CV 16-08660-MWF (RAOx)<br><br>ORDER REMANDING ACTION, DENYING REQUEST TO PROCEED IN FORMA PAUPERIS |

**I.**

**FACTUAL BACKGROUND**

On October 7, 2016, Plaintiff, the Bank of New York Mellon Trust Company, NA, successor to the Bank of New York Trust Company, NA, as trustee for the Chase Mortgage Finance Corporation Multi-Class Mortgage Pass-Through Certificates, Series 2007-S6 ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Maria Rivas, Roberto A. Flores, also known as "Felipe Flores," Heriberta Flores ("Defendant H. Flores") and Does 1-10 (collectively, the "Defendants"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1.) Plaintiff alleges that it is the owner of real property located in Sherman Oaks, California

("the Property"), having acquired the Property at a trustee sale. (Compl., ¶¶ 1, 7-8.) Plaintiff further alleges that Defendants are residing at the Property and have been served with a notice to quit and deliver up possession of the Property, but have failed to do so. (*Id.*, ¶¶ 9-11.)

On November 21, 2016, Defendant H. Flores filed a Notice of Removal, asserting that this Court has jurisdiction on the basis of federal question and, in support, cites to 28 U.S.C. §§ 1441, 1331. (Removal at ¶ 5.) In addition, Defendant H. Flores filed a request to proceed *in forma pauperis* status. (Dkt. No. 3.)

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the United States Constitution and federal statutes. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue, *cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, there is a "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant H. Flores asserts that this Court has subject matter jurisdiction due to the existence of a federal question and cites 28 U.S.C.

§§ 1331 1441. (Removal at ¶ 5.) Section 1441 provides in relevant part that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the attached complaint makes clear that federal question jurisdiction over the instant matter does not exist. Plaintiff could not have brought this action in federal court as Plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

The Court notes that the underlying action is one for unlawful detainer, which arises under and is governed by the laws of the State of California. Thus, there is no federal question apparent on the face of Plaintiff's Complaint. *See, e.g.*, *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to defendant's contention that federal question jurisdiction exists under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Removal at ¶¶ 2, 5-7, 9-13. The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the

complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent Defendant H. Flores's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant H. Flores's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: November 28, 2016

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

   /s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE